

# CSC

## Notice of Service of Process

null / ALL
Transmittal Number: 22562345
Date Processed: 01/14/2021

| | |
|---|---|
| **Primary Contact:** | Venessa C. Wickline Gribble<br>The Kroger Co.<br>1014 Vine Street<br>Cincinnati, OH 45202-1100 |
| **Entity:** | Kroger Limited Partnership I<br>Entity ID Number 2171999 |
| **Entity Served:** | Kroger Limited Partner I |
| **Title of Action:** | Geraldine Stephens vs. Kroger Limited Partnership I |
| **Matter Name/ID:** | Geraldine Stephens vs. Kroger (10674968) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Franklin County Circuit Court, TN |
| **Case/Reference No:** | 2020-CV-247 |
| **Jurisdiction Served:** | Tennessee |
| **Date Served on CSC:** | 01/13/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Robert Floyd Davis<br>423-267-7000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Winchester

FLOYD DON DAVIS
NORRIS ARTHUR KESSLER, III
ANDY PETERS DAVIS

**DAVIS, KESSLER & DAVIS**
ATTORNEYS AT LAW
931.967.7000
423.267.7000

Chattanooga

ROBERT FLOYD DAVIS**◆
ROGER DERECK LAYNE

◆Also Licensed in GA
*LL.M in Dispute Resolution

January 7, 2020

Kroger Limited Partnership I
℅ Registered Agent: Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203-1312
**VIA CERTIFIED MAIL: 7020 0090 0002 0592 4244**

Re: Geraldine Stephens v. Kroger Limited Partnership I
Franklin County Circuit Court, Docket No.: 2020-CV-247.

Dear Sir or Madam:

Please find enclosed a Summons and Complaint regarding the above matter. I am also enclosing Plaintiffs' First Interrogatories and Requests for Production of Documents to Kroger Limited Partnership I. Please forward this to the attorney who will be handling this matter.

With highest personal regards, I remain:

Yours very truly;
Davis, Kessler & Davis

Robert F. Davis /rf

RDL/rf
Enclosure:  Summons
            Complaint
            Interrogatories and Requests for Production of Documents

705 DINAH SHORE BLVD.
WINCHESTER, TN 37398
(931) 967-7000
FAX: (931) 968-0680

www.daviskessler.com

433 CHEROKEE BLVD.
CHATTANOOGA, TN 37405
(423) 267-7000
FAX: (423) 717-5488

Case 4:21-cv-00003-CLC-SKL   Document 1-1   Filed 01/21/21   Page 2 of 14   PageID #: 5

**Circuit Court Summons**   **Franklin County, Tennessee**

State of Tennessee
County of Franklin
12th Judicial District

File No.: 2020-CV-247

GERALDINE STEPHENS and ARTHUR STEPHENS

                                                      Plaintiffs,

vs.

KROGER LIMITED PARTNERSHIP I, and may be served with process through its registered agent Corporation Service Company, 2908 Poston Ave. Nashville, TN 37203-1312

                                                      Defendant.

To the above named Defendant:

    You are summoned to appear and defend a civil action filed against you in Circuit Court, Franklin County, Tennessee, and your defense must be made with thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

    In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: __12-18__, 20 _20_   ROBERT BAGGETT, CLERK

By: _Pam Anderson_
         Deputy Clerk

Attorney for Plaintiff: DAVIS, KESSLER & DAVIS
433 Cherokee Blvd.
Chattanooga, TN 37405

---

**NOTICE**

TO THE DEFENDANT(S):
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however; unless it is filed before the judgment becomes final, it will be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. (T.C.A. 26-2-114.)

---

TO THE SHERIFF: Please execute this summons and make return hereon as provided by law.

ROBERT BAGGETT, CLERK

Received this summons for service this _____ day of _____, 20____.

By: _____, D.C.

## RETURN OF SERVICE OF SUMMONS

I hereby certify and return, that on the ____ day of _____, 20____, I served this summons together with the complaint herein as follows:

_____
_____
_____
_____

_____
Officer

## RETURN OF SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that: on the ____ day of _____, 20____, I sent, postage prepaid, by registered return receipt or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No. _____ to the defendant, _____.

_____
Plaintiff, Plaintiff's attorney or other person
authorized by statute to serve process

____ Notary Public or ____ Deputy Clerk

My Commission Expires: _____

Attach Return Receipt Here
(if applicable)

| | |
|---|---|
| GERALDINE STEPHENS and, ARTHUR STEPHENS ) ) ) | |
| *Plaintiffs*, ) ) | DOCKET NO.: 2020-CV-247 |
| v. ) ) | JURY DEMANDED |
| KROGER LIMITED PARTNERSHIP I, ) ) | |
| *Defendant.* ) | FILED 12-28-20 TIME 3:44 PM ROBERT BAGGETT CIRCUIT COURT CLERK FRANKLIN COUNTY, TN |

## COMPLAINT

Geraldine Stephens and Arthur Stephens, Plaintiffs, for their cause of action against Kroger Limited Partnership I, Defendant, state as follows:

1. Plaintiffs, Geraldine Stephens and Arthur Stephens, are citizens and residents of Franklin County, Tennessee.

2. Defendant, Kroger Limited Partnership I, is a business entity organized and existing pursuant to the laws of the State of Tennessee and may be served with process upon its registered agent Corporation Service Company, 2908 Poston Ave. Nashville, TN 37203-1312.

3. On or about October 23, 2020, Plaintiff, Geraldine Stephens, was a business invitee at the Defendant's business located at 1840 Decherd Blvd, Decherd, Tennessee.

4. Venue is proper in the Circuit Court of Franklin County pursuant to Tenn. Code Ann. § 20-4-101 as Franklin County is the *situs* of the incident.

5. While the Plaintiff, Geraldine Stephens, was shopping at the store owned by the Defendant, the Plaintiff was pushing a shopping cart through the store and unexpectedly slipped on a brown liquid substance that was left in a dangerous and unsafe condition by the employees, agents or managers of Defendant causing Plaintiff to fall to the ground and suffer injuries.

6. The employees, agents or managers of the Defendant created the unsafe condition in the store by not removing the brown liquid substance on the floor or knew or should have known of the existence of the dangerous and unsafe condition of liquid on the floor long enough to correct the unsafe condition.

7. The Defendant was negligent in failing to safeguard its premises for business invitees.

8. The Defendant is negligent in failing to have policies in place to prevent unsafe conditions, such as a brown liquid substance, from being created on its flooring.

9. The Defendant is negligent in failing to train its employees, agents, and/or managers on policies in place to prevent unsafe conditions, such as a brown liquid substance, from being created on its flooring.

10. The Defendant is negligent in failing to supervise its employees, agents, and/or managers on implementing policies in place to prevent unsafe conditions, such as a brown liquid substance, from being created on its flooring.

11. The Defendant is vicariously liable for the acts and omissions of its employees, agents, and/or managers.

12. As a direct and proximate result of the negligence of the Defendant, the Plaintiff has sustained extensive personal injuries which at this time appear to be permanent and continuing in nature.

13. As a further direct and proximate result of the negligence of the Defendant, the Plaintiff has sustained both economic and non-economic, and other damages resulting from Plaintiff's injuries.

14. As a direct and proximate result of the acts and omissions on the part of Defendant, Plaintiff, Arthur Stephens, has lost and will continue to lose in the future the consortium and services of his wife, Geraldine Stephens.

**WHEREFORE** the Plaintiff, Geraldine Stephens, prays for economic and non-economic damages against the Defendant, Kroger Limited Partnership I, in the amount of $900,000 to compensate Plaintiffs for their harms and losses; for a jury to try this cause; for all costs of this action; and for all other and further relief to which the Plaintiffs may prove entitled.

Dated: 12-18-2020

Respectfully submitted,

_____
Robert Floyd Davis (B.P.R. # 030129)
Davis, Kessler & Davis
433 Cherokee Blvd.
Chattanooga, TN 37405
(423) 267-7000
Attorney for Plaintiff

**Cost Bond**

We go surety for costs, other than discretionary costs, for such amounts that may at any time be adjudged against the principal, in the event they are not paid by the principal, for such amounts as required by Tenn. Code. Ann. §20-12-125.

_____
Robert Floyd Davis

IN THE CIRCUIT COURT OF FRANKLIN COUNTY, TENNESSEE

GERALDINE STEPHENS and, )
ARTHUR STEPHENS )
 )
*Plaintiffs,* )
 )  DOCKET NO.: 2020 CV-247
v. )
 )  JURY DEMANDED
KROGER LIMITED PARTNERSHIP I, )
 )
*Defendant.* )

## PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO KROGER LIMITED PARTNERSHIP I.

The Plaintiffs, Geraldine Stephens, and Arthur Stephens, by and through their attorney, respectfully submits the following Plaintiffs' First Set of Interrogatories and Requests for Production of Documents to Defendant Kroger Limited Partnership I., pursuant to Rules 33 and 34 of the Tennessee Rules of Civil Procedure. Pursuant to said rules, the Plaintiffs request that response be made to all interrogatories and requests within forty-five (45) days of service of the request and interrogatories. All answers and responses should be seasonably supplemented should new or additional information become available to the defendant.

### INTERROGATORIES

**INTERROGATORY NO. 1.** State your name, address, office you hold with Defendant Kroger Limited Partnership I., and business address.

**ANSWER:**


**INTERROGATORY NO. 2.** State in as much detail as possible how the alleged accident occurred.

**ANSWER:**

**INTERROGATORY NO. 3.** State whether the Defendant Kroger Limited Partnership I., was the owner and/or in control of the premises where the alleged accident occurred, at the time thereof and state as accurately as possible when the Defendant became the owner and/or was in control of the said premises.

**ANSWER:**

**INTERROGATORY NO. 4.** State whether the Plaintiff was a customer in the Defendant's business at the time of the alleged accident.

**ANSWER:**

**INTERROGATORY NO. 5.** What was the condition of the floor, at the place of the alleged accident, at the time thereof.

**ANSWER:**

**INTERROGATORY NO. 6.** State whether there was a fluid substance on the floor when the alleged accident occurred at the time thereof and if so, specify in as much detail as possible.

**ANSWER:**

**INTERROGATORY NO. 7.** State as accurately as possible for how long prior to the accident the fluid on the floor was in substantially the same condition as it was in at the time of the alleged accident.

**ANSWER:**

**INTERROGATORY NO. 8.** State how often, if at all, the floor was examined by the Defendant before the time of the alleged accident, and the times thereof and specify the condition of the floor at said time or times.

**ANSWER:**

**INTERROGATORY NO. 9.** If any employees of the Defendant observed the alleged accident, set forth fully and in detail what the employee or employees saw happen, and what they did with the Plaintiff in respect to her alleged fall and injuries.

**ANSWER:**

**INTERROGATORY NO. 10.** State when the Defendant first learned of the alleged accident, and how.

**ANSWER:**

**INTERROGATORY NO. 11.** Did the Defendant or the Defendant's agents or servants observe the condition of the substance on the floor just before, during, or just after the alleged accident? If so, describe the condition.

**ANSWER:**

**INTERROGATORY NO. 12.** If the Defendant or the Defendant's agents or servants had any conversation with the Plaintiff material hereto immediately after the alleged accident, specify in as much detail as possible.

**ANSWER:**

**INTERROGATORY NO. 13.** State fully what arrangements, if any, the defendant had for the care of the premises, and particularly the floor, at the time of the alleged accident.

**ANSWER:**

**INTERROGATORY NO. 14.** What are the facts upon which the Defendant bases its allegation that the Plaintiff was guilty of contributing to the occurrence of the accident?

**ANSWER:**

**INTERROGATORY NO. 15.** State the name and address of each person who saw Plaintiff's accident as alleged in the complaint.

**ANSWER:**

**INTERROGATORY NO. 16.** Which of these persons made written statements to defendant concerning plaintiff's accident, and in whose custody is each such written statement.

**ANSWER:**

**INTERROGATORY NO. 17.** State the name and address of each person having knowledge of relevant facts concerning plaintiff's accident, as alleged in the complaint.

**ANSWER:**

**INTERROGATORY NO. 18.** Do you admit that Plaintiff, Geraldine Stephens suffered a permanent injury as a result of the accident? If not, state the basis for denying it.

**ANSWER:**

## REQUESTS FOR PRODUCTION

1.     All documents identified in response to the Complaint.

**RESPONSE:**


2.     Any signed or unsigned statements in the possession of Defendant, whether such statement is written, recorded, or otherwise transcribed, where such statement is supposed to deal with the events related to the occurrence which gave rise to the above-captioned matter.

**RESPONSE:**


3.     Photographs, films, videos, and drawings of the incident scene that is the subject of the Complaint.

**RESPONSE:**


4.     All reports, letters, or documents prepared by or relied upon by any expert you retained or plan to use at trial.

**RESPONSE:**


5.     All documents not identified in previous requests that relate in any way to the matters alleged in Plaintiff's Complaint or to Defendant's Answer in the above-captioned lawsuit.

**RESPONSE:**

# **VERIFICATION**

BY: _____
                For the Defendant

BY: _____
                Title

STATE OF _____

COUNTY OF _____

I, _____, being duly
           (Please Print)

sworn, depose and say that the foregoing answers and responses to the Plaintiffs' First Set of Interrogatories and Requests for Production of Documents are true and accurate to the best of my knowledge, information and belief.

_____
For the Defendant

Sworn to and subscribed before me this the ____ day of _____, 20____.

_____
Notary Public

_____
My Commission Expires

Respectfully submitted,

DAVIS, KESSLER & DAVIS

BY: _Robert Davis w/ permission_ R. Frady
Robert Floyd Davis (B.P.R. # 030129)
Davis, Kessler & Davis
433 Cherokee Blvd.
Chattanooga, TN 37405
(423) 267-7000
Attorney for Plaintiffs

I, the undersigned attorney, do hereby certify that the foregoing document has been delivered to all counsel for parties at interest in this cause by placing a true and correct copy of same in a properly addressed envelope, by U. S. Mail, postage pre-paid, via facsimile, or by hand delivering same to each such attorney as follows:

on this the 7th day of January 2021.

_Robert F. Davis w/ permission_ R. Frady
Robert F. Davis