UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| GERALDINE STEPHENS, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | No. 4:21-CV-3 |
| v. ) | |
| ) | Judge Collier |
| KROGER LIMITED PARTNERSHIP I, ) | |
| ) | |
| *Defendant.* ) | |

# **M E M O R A N D U M**

Before the Court is a motion for summary judgment by Defendant Kroger Limited Partnership I ("Kroger"). (Doc. 23.) On December 18, 2020, Plaintiff, Geraldine Stephens ("Ms. Stephens"), filed this action in the Circuit Court of Franklin County, Tennessee, against Kroger asserting claims of negligence against Kroger due to a slip-and-fall incident. (Doc. 1-1.) On March 16, 2022, Ms. Stephens timely responded in opposition. (Doc. 26.) Kroger did not file a reply to Ms. Stephens's response.

For the reasons articulated below, the Court will **DENY** Kroger's motion for summary judgment (Doc. 23).

## **I.    BACKGROUND**[1]

On October 23, 2020, Ms. Stephens visited Kroger located at 1840 Decherd Boulevard, in Decherd, Tennessee. (Doc. 1-1 at 1.) While Plaintiff was shopping at Kroger, she slipped and fell near the deli aisle. As a result, Ms. Stephens sustained injuries. (*Id.*)

---

[1] The Court has relied on one main principle in setting out the background of the case. In deciding a motion for summary judgment as to which the parties dispute any material facts, a court must view the disputed evidence in the light most favorable to the party responding to the motion—here, Plaintiff—and draw all reasonable inferences in that party's favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Due to this incident, Ms. Stephens alleges that Kroger was negligent "[1] in failing to have policies in place to prevent unsafe conditions, such as a brown liquid substance, from being created on its flooring…[2] in failing to train its employees, agents and/or managers on policies in place to prevent unsafe conditions, such as a brown liquid substance, from being created on its flooring…[, and 3] in failing to supervise its employees, agents and/or managers on implementing policies in place to prevent unsafe conditions, such as a brown liquid substance, from being created on its flooring." (*Id*. at 6.)

Ms. Stephens asserts that because of Kroger's negligence she sustained extensive personal injuries which, at this time, appear to be permanent and continuing in nature. (*Id.*) Thus, Ms. Stephens seeks damages in the amount of $900,000.00 to compensate for the sustained harm and losses. (*Id*. at 7.)

## II. STANDARD OF REVIEW

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court should view the evidence, including all reasonable inferences, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

To survive a motion for summary judgment, "the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for

2

trial." *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). Indeed, a "[plaintiff] is not entitled to a trial on the basis of mere allegations." *Smith v. City of Chattanooga*, No. 1:08-cv-63, 2009 WL 3762961, at *2–3 (E.D. Tenn. Nov. 4, 2009) (explaining the court must determine whether "the record contains sufficient facts and admissible evidence from which a rational jury could reasonably find in favor of [the] plaintiff"). In addition, should the non-moving party fail to provide evidence to support an essential element of its case, the movant can meet its burden of demonstrating no genuine issue of material fact exists by pointing out such failure to the court. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

A court may not consider hearsay when deciding a summary judgment motion. *Alpert v. United States*, 481 F.3d 404, 409 (6th Cir. 2007). "The proffered evidence need not be in admissible *form,* but its *content* must be admissible. For instance, deposition testimony will assist a plaintiff in surviving a motion for summary judgment, even if the deposition itself is not admissible at trial, provided substituted oral testimony would be admissible and create a genuine issue of material fact." *Bailey v. Floyd Cnty. Bd. of Educ.,* 106 F.3d 135, 145 (6th Cir. 1997) However, hearsay statements "are only admissible if they fall under a recognized exception to the hearsay rule." *Gainer v. Wal-Mart Stores E., L.P.*, 933 F. Supp. 2d 920, 926 (E.D. Mich. 2013) (citing *Alexander v. CareSource,* 576 F.3d 551, 558 (6th Cir. 2009) ("Rule 56 leaves no doubt about the obligation of a summary judgment opponent to make her case with a showing of facts that can be established by evidence that will be admissible at trial.")).

At summary judgment, the Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). If the Court concludes a fair-minded jury could

not return a verdict in favor of the non-movant based on the record, the Court should grant summary judgment. *Id.* at 251–52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## III. DISCUSSION

This is a slip-and-fall case that is governed by the substantive law of Tennessee. To establish negligence under Tennessee law, a plaintiff must prove the following elements: "(1) a duty of care owed by defendant to plaintiff; (2) conduct falling below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause." *McClung v. Delta Square Ltd. P'ship,* 937 S.W.2d 891, 894 (Tenn. 1996). Additionally, to hold an owner or operator of a premises liable in negligence for a dangerous or defective condition on its premises, the plaintiff must prove either (1) that the owner or operator caused or created the condition or (2) that the owner or operator had actual or constructive notice that the condition existed prior to the accident. *Blair v. W. Town Mall,* 130 S.W.3d 761, 764 (Tenn. 2004).

In response to Ms. Stephens's negligence claims, Kroger argues it is entitled to summary judgment (1) because of a lack of notice, (2) because Plaintiff cannot show a pattern or continuing condition, and (3) because Plaintiff failed to look where she was going, making her comparatively at fault. (Doc. 24.) The Court will group the argument regarding the lack of notice and the argument that Plaintiff cannot show a pattern or continuing condition together under the "Lack of Notice" heading.

4

Because Ms. Stephens has established the existence of a triable issue as to actual or constructive notice and because the comparative fault defense here is a question that should be reserved for a jury, summary judgment is improper.

### A. Lack of Notice

First, Kroger argues that Ms. Stephens has no evidence Kroger had "actual knowledge of the presence of the condition complained of until after her fall." (Doc. 24 at 6.) Kroger asserts that in Ms. Stephen's deposition "she did not know how the liquid came to be on the floor, who caused it to be on the floor, for how long it had been on the floor, or if [Kroger] was even aware of its presence on the floor." (*Id.*) Kroger further argues that due to a lack of evidence by Ms. Stephens, the only way to place liability on Kroger is to show that it had constructive notice. (*Id.*) Ultimately, Kroger argues that Ms. Stephens has failed to show evidence that Kroger had actual or constructive knowledge of the spill.

In response, Ms. Stephens argues that Kroger did have actual or constructive knowledge of the spill which caused Ms. Stephens's fall. (Doc. 27 at 3.) Ms. Stephens submits her own deposition to support her claim. (Doc. 28.) Specifically, she submits that when asked, "what did the store manager tell you about how the substance got on the floor?" (Dep. of G. Stephens 121:19–22), she responded, "he said, the staff was pushing a cart through the store and there was a leakage somewhere, because he had not got them- not the aisle I come down, but the other aisle, he sent some people up that way to look and make sure, you know, to get the spills up." (Depo. of G. Stephens 122:2-7). From this, Ms. Stephens argues that the store manager had either actual or constructive notice of the dangerous condition and failed to remedy it or make adequate warnings of it, which in turn, breached Kroger's duty to warn its patrons of dangerous conditions. (Doc. 27.)

5

There is a genuine dispute of material fact of whether Kroger had actual or constructive notice that the conditions existed prior to the accident. Ms. Stephens has met her burden by submitting her depositional testimony about what the Kroger store manager told her. Ms. Stephens's testimony about what the store manager told her is not hearsay under Federal Rule of Evidence 801(d)(2)(D). Federal Rule of Evidence 801(d)(2)(D) states that statements offered against an opposing party and made by the party's agent or employee on a matter within the scope of that relationship and while it existed are not hearsay. Here, the statement was offered by Ms. Stephens, an opposing party, and those statements were made by Kroger's agent, the store manager, regarding the conditions in the store he managed. This evidence is sufficient to make the statement not hearsay and therefore appropriate to consider for motion for summary judgment purposes. Furthermore, Kroger does not address this statement by its store manger in its motion for summary judgment nor does it offer a reply to Ms. Stephens's response.

Second, Kroger argues that because Ms. Stephens cannot show a pattern or continuing condition, she has failed to show constructive notice. A plaintiff may establish constructive notice "by showing a pattern of conduct, or recurring incident, or a general continuing condition indicating the dangerous condition's existence" and the "reoccurrence or specific dangerous condition must be reasonably foreseeable to the owner." *Blair v. W. Town Mall*, 130 S.W.3d 761, 765-766 (Tenn. 2004.) Although showing a pattern or continuing condition is a way of proving constructive notice, the Court's finding of a dispute of fact as to actual notice, as articulated above, makes the outcome on the pattern argument irrelevant for motion for summary judgment purposes.

Because there is a genuine dispute regarding whether Kroger had actual or constructive notice of the spill, the Court cannot rule on this argument as a matter of law, therefore precluding

6

summary judgment at this phase. Thus, the Court will **DENY** the motion for summary judgment based on Kroger's lack of notice argument.

### B. Comparative Fault

Kroger argues that because Ms. Stephens was injured by a danger that was open, obvious, and reasonably apparent, liability should be determined under the principles of comparative fault. (Doc. 24 at 14.) Further, it argues that because Ms. Stephens "has failed to exercise reasonable care by not avoiding an open and obvious condition, that being a brown puddle or liquid on top of the white tile floor…she is at least 50% at fault for her own injuries and [Kroger] is not liable." (*Id*.) Ms. Stephens did not respond to this comparative fault argument.

"Tennessee uses a modified comparative fault system to determine ultimate liability. Under that system, a plaintiff may only obtain damages if her negligence is less than that of the defendant." *Wright v. Sam's E., Inc.,* No. 15-CV-2354-SHL-CGC, 2016 WL 9450435, at *5 (W.D. Tenn. May 4, 2016) (citing *McIntyre v. Balentine,* 833 S.W.2d 52, 57 (Tenn. 1992)). Under Tennessee law, "in a vast majority of cases, the comparison and allocation of fault is a question of fact to be decided by the finder-of-fact, that is the jury or the trial court sitting without a jury." *Henley v. Amacher,* No. M1999–02799–COA–R3–CV, 2002 WL 100402, at *6 (Tenn. Ct. App. Jan.28, 2002) (citing *Brown v. Wal–Mart Discount Cities,* 12 S.W.3d 785, 789 (Tenn. 2000); *Turner v. Jordan,* 957 S.W.2d 815, 824 (Tenn. 1997); *Prince v. St. Thomas Hosp.,* 945 S.W.2d 731, 735 (Tenn. Ct. App. 1996)). "The task of comparing and allocating fault may be taken from the jury only when it can be determined beyond question (or alternatively, when reasonable minds cannot differ) that the plaintiff's fault is equal to or greater than the

defendant's." *Id.* (citing *Staples v. CBL Assocs., Inc.,* 15 S.W.3d 83, 91–92 (Tenn. 2000); *Eaton v. McLain,* 891 S.W.2d 587, 592 (Tenn. 1994)).

Prior to 1998, Tennessee courts barred a plaintiff's recovery if the danger was "open and obvious." However, after Tennessee adopted a comparative-fault system, *see McIntyre* 833 S.W.2d 52 (Tenn. 1992), the Tennessee Supreme Court held that the "open and obvious" defense was no longer a preclusive bar but was a factor to be considered in balancing the foreseeability and gravity of harm with the feasibility and availability of alternatives that would have avoided or prevented the harm. *Cohn v. City of Savannah,* 966 S.W.2d 34, 43 (Tenn. 1998). The Tennessee Supreme Court explained,

> Whether the danger was known and appreciated by the plaintiff, whether the risk was obvious to a person exercising reasonable perception, intelligence, and judgment, and whether there was some other reason for the defendant to foresee the harm, are all relevant considerations that provide more balance and insight to the analysis than merely labeling a particular risk "open and obvious."

*Id.*

Here, Kroger argues that summary judgment is appropriate because the facts show that Ms. Stephens was at least half at fault for failing to notice the brown puddle or liquid on the white tile floor. However, the brown puddle or liquid on top of the white tile floor may not have been obvious, and a reasonable jury could conclude that the conduct Ms. Stephens testified to in her deposition—walking undistractedly, pushing the cart, with her head facing forward at eye level, with an unobstructed view—fell within a reasonable standard of care. (Doc. 27.) Therefore, it is not possible for the Court to conclude, at this stage, that Ms. Stephens's actions were at least fifty percent at fault in her fall to preclude any recovery as a matter of law. Therefore, summary

8

judgment is inappropriate, and the Court will **DENY** the motion for summary judgment based on comparative fault.

IV.     <u>CONCLUSION</u>

For the foregoing reasons, the Court will **DENY** Kroger's motion for summary judgment (Doc. 23).

**An appropriate order will enter.**

<u>/s/                                            </u>
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**
